CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE G. RIVAS, on behalf of himself, and others similarly situated, | Case No. 17 CV 6159 |
| Plaintiff, | **COMPLAINT** <br> **FLSA ACTION** |
| -against- | ECF Case |
| IMPERIAL PARKING (US) LLC, doing business as IMPARK, | |
| Defendant. | |

Plaintiff, Jose G. Rivas (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendant, Imperial Parking (US) LLC, doing business as Impark ("Impark" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff, Jose G. Rivas, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendant: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendant: (1) unpaid overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked a span of more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, Jose G. Rivas, is an adult resident of New York County, New York.

6. Defendant, Imperial Parking (US) LLC, doing business as Impark, is a foreign for-profit business entity, doing business in the State of New York, with its corporate headquarters in the United States located at 900 Haddon Avenue, Suite 333, Collingswood, New Jersey 08108.

7. Defendant, Imperial Parking (US) LLC, dba Impark, operates and manages parking facilities throughout the United States, including in New York City.

8. Upon information and belief, Defendant's corporate headquarters is located in Collingswood, New Jersey.

9. Defendant is engaged in the business of parking lot management and operating parking garages and lots open to the public, in the State of New York.

10. Beginning in May 2015, through February 2017, Plaintiff Jose G. Rivas was employed by Defendant as a parking lot attendant, at one of its parking garages, located at 55 Water Street, New York, New York.

11. Although Plaintiff was based at 55 Water Street, Plaintiff also worked as a floater at other garages managed by Defendant, including garages in Manhattan, located at 42nd Street and 8th Avenue; 36th Street and 10th Avenue; 94th Street and Park Avenue; and 57th Street and 1st Avenue.

12. Throughout his employment with Defendant and at all relevant times herein, Plaintiff's primary work function was to park and retrieve automobiles for customers of Defendant.

13. Throughout the period of Plaintiff's employment with Defendant, and at all relevant times herein, Defendant paid Plaintiff on an hourly basis.

14. At all relevant times, Impark was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Impark.

16. At all relevant times, Defendant knowingly failed to pay Plaintiff overtime compensation in contravention of the FLSA and New York Labor Law.

17. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

18. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19. In or about May 2015, Plaintiff, Jose G. Rivas, was hired by Defendant to work as a non-exempt parking garage attendant at Defendant's parking garage establishment located at 55 Water Street, New York, New York.

20. Plaintiff continued to work for the Defendant in such capacity until on or about February 17, 2107.

21. During the course of Plaintiff's employment by Defendant, he typically worked over forty (40) hours per week.

22. Plaintiff generally worked six (6) days or seven (7) shifts per week, and his work shift consisted of up to sixteen (16) hours per day.

23. During Plaintiff's employment, he often worked between seventy (70) and eighty (80) hours per week. Plaintiff generally worked from 12:00 midnight, until 2:00 p.m. or 3:00 p.m. in the afternoon.

24. During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid, by check, $9.55 per hour in 2016; his pay was increased to $11.00 per hour in 2017. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's rate of pay, as required by state and federal law.

25. Defendant knowingly and willfully operated its business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

26. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

27. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, Defendant had gross revenues in excess of $500,000.

31. Plaintiff, Jose G. Rivas, was entitled to be paid at the rate of time and one-half for all hours worked in excess of forty (40) working hours per week.

32. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

33. At all relevant times, Defendant had, and continues to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

34. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate at the overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

35. Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

36. Alternatively, records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

40. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

41. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

43. Defendant knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

44. Defendant knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked more than ten (10) hours pursuant to New York Department of Labor Regulations § 142.2-4.

45. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

46. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

47. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

50. Plaintiff was not provided with a proper wage notice as required by law.

51. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Jose G. Rivas, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
August 15, 2017

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC
                                    *Attorneys for Plaintiff*
                                    708 Third Avenue – 6th Floor
                                    New York, NY 10017
                                    Telephone  (212) 209-3933
                                    Facsimile  (212) 209-7102

                            By:     _____
                                    Peter H. Cooper (PHC4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, ___Jose Rivas___, am an employee currently or formerly employed by ___IM Park___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___Aug 3___, 2017

_[signature]_