# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
‾‾‾‾
Telephone (212) 209-3933
Facsimile (212) 209-7102

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/2018

**REQUEST FOR APPROVAL OF
AN FLSA SETTLEMENT**

January 10, 2018

**BY ECF**

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: **Jose Rivas v. Imperial Parking (US) LLC dba Impark
Case No. 17 Civ. 6159 (VEC)**

Dear Judge Caproni,

    This case is pending before Your Honor for all purposes and the parties resolved the case this month. Pursuant to the court's memo endorsement, the parties conferred, and respectfully resubmit the settlement agreement with paragraph "8" stricken in its entirety.

    We thank the court for its consideration of this matter.

Respectfully submitted,

CILENTI & COOPER, PLLC
By: /s/ Peter H. Cooper, Esq.
Attorneys for Plaintiff

FISHER & PHILLIPS, LLP
By: /s/ Seth Kaufman, Esq.
Attorneys for Defendant

---

The Court APPROVES the settlement agreement in its present form as fair and reasonable. The case is DISMISSED. The Clerk is respectfully directed to terminate all open motions and to close the case.

SO ORDERED.

*[signature]*    1/11/2018

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Case 1:17-cv-06159-VEC Document 26-1 Filed 12/27/17 Page 2 of 15

CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/2017

**MEMO ENDORSED**

The Court is unable to approve the settlement agreement in its present form. No later than January 10, 2018, the parties must either (a) submit a letter stating why paragraph 8 in the settlement agreement ("Future Employment") is fair and reasonable or (b) delete that paragraph and resubmit the settlement agreement for approval. The January 5, 2018 conference is cancelled until further notice.
SO ORDERED.

12/27/2017 *[signature: Valerie Caproni]* ~~December 19, 2017~~

**REQUEST FOR APPROVAL OF AN FLSA SETTLEMENT**

**BY ECF**
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Jose Rivas v. Imperial Parking (US) LLC dba Impark
                 Case No. 17 Civ. 6159 (VEC)

Dear Judge Caproni,

This case is pending before Your Honor for all purposes and the parties resolved the case this month. This correspondence is submitted jointly by counsel, on behalf of the parties.

This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

Plaintiff Jose Rivas ("plaintiff") worked as a parking garage attendant. Plaintiff worked for approximately two (2) years, when he voluntarily resigned from employment.

Plaintiff contends he was not paid an overtime premium for his overtime hours. Defendant denies this claim. Defendant produced time and pay records which demonstrated that for most weeks, plaintiff did receive an hourly wage above the New York minimum wage, and overtime premium for hours worked above forty (40) most weeks. Counsel conferred multiple times and agreed that, to the extent that plaintiff's claim was viable, it would be relatively small. Counsel thus worked actively to reach a negotiated settlement in the best interests of the parties.

To evaluate the fairness of the resolution, and taking into account the risks and burdens of litigation, the parties concluded that the amount of $3,150.00; as well as an equal amount in liquidated damages, would fairly compensate plaintiff for the alleged non-payment of overtime. The company will also pay plaintiff's attorneys' fees and costs, in the amount of $3,700. The total settlement amount agreed upon by the parties, is $10,000.

As such, the agreement contemplates payment of overtime wages, liquidated damages and attorneys' fees (which pursuant to plaintiff's retainer with counsel, shall be one-third of the settlement, in addition to reimbursement of costs for filing and service of the complaint in the amount of $550).

The parties submit that the settlement meets every interpretation of fair and reasonable as required by the statutes and interpreting case law. The company produced time and pay records, and counsel were able to evaluate the viability and scope of the claim and advise their respective clients accordingly. Both parties understand the risks and burdens of litigation and are particularly grateful that the case was brought to a satisfaction conclusion in a timely manner. A copy of the agreement is provided as Exhibit "A".

In considering whether the settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, there is no question that that settlement did not come about because of "overreaching" by the employer.

The settlement was reached as a result of arm's length negotiations between the parties, assisted with their retained counsel. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See, Aponte v. Comprehensive Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013). We are pleased to report that counsel cooperated and reached this agreement prior to meeting with the Magistrate Judge Netburn for a scheduled settlement conference, further containing litigation costs.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third the amount of the settlement is reasonable because the case was concluded efficiently. Plaintiff's counsel submits that if had he been compensated on an hourly basis, and the case litigated through formal discovery, the fees could have been greater than the amount plaintiff would receive in connection with this settlement. Of course, had the case proceeded to trial and, assuming plaintiff prevailed - plaintiff's counsel would have made a fee application for far more than the amount of plaintiff's recovery. As such, it is easy to conclude this settlement does not favor counsel over the plaintiff himself.

As a cross-check, the case was commenced in August 2017, and counsel spent approximately twelve (12) hours of attorney time on it, through present. At a rate of $350.00 per hour, the attorneys' fee proposed is still less than counsel would receive had he billed the case hourly.

Moreover, recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third or higher. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation).

While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, general releases and attorneys' fees over 40%. 796 F.3d at 206. This Settlement Agreement contains no such red-flags, as it contains a release of only wage and hour claims and does not contain any confidentiality provisions.

We thank the court for its consideration of the case and assistance in reaching its resolution, and we seek dismissal with the right to return only in the event a problem arises concerning enforcement of the agreement. A proposed stipulation and order of dismissal is provided as Exhibit "B".

Respectfully submitted,

CILENTI & COOPER, PLLC
By: /s/ Peter H. Cooper, Esq.
708 Third Avenue – 6th Floor
New York, New York 10017
(212) 209-3933
Attorneys for Plaintiff


FISHER & PHILLIPS, LLP
By: /s/ Seth Kaufman, Esq.
629 8th Avenue
New York, NY 10018
(212) 899-9975
Attorneys for Defendant

Case 1:17-cv-06159-VEC Document 23-1 Filed 12/15/17 Page 5 of 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSE G. RIVAS,

    Plaintiff,

v.                 17-CV-6159

IMPERIAL PARKING (US) LLC doing business as
IMPARK

    Defendant.
------------------------------------------------------------ x

## STIPULATION AND AGREEMENT OF SETTLEMENT

    This Stipulation and Agreement of Settlement ("Settlement Agreement") is entered into between plaintiff Jose G. Rivas ("Rivas" or "Plaintiff") and defendant Imperial Parking (US) LLC doing business as Impark ("Defendant") (Rivas and Defendant are collectively referred to as the "Parties"), by and through their undersigned attorneys, to fully and completely settle *Rivas v. Imperial Parking (US) LLC doing business as Impark* (the "Wage-Hour Lawsuit").

    **WHEREAS**, Plaintiff brought the Wage-Hour Lawsuit on August 15, 2017;

    **WHEREAS**, in the Wage-Hour Lawsuit, Plaintiff has asserted causes of action, claims, or demands based on alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") including, but not limited to, Plaintiff's hours of work, payment of wages (including overtime wages), and/or failure to properly provide wage notices and statements;

    **WHEREAS**, Defendant denies that it has committed any wrongdoing or violated any federal, state, or local laws, vigorously disputes the claims asserted in the Wage-Hour Lawsuit, and continues to assert that it has strong and meritorious defenses to such claims; and

1

**WHEREAS**, the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve and settle the Wage-Hour Lawsuit, including Plaintiff releasing all wage and hour claims and charges, all claims for alleged unpaid wages (including overtime wages), and all claims for improper pay notices and statements against Defendant, upon the terms and conditions more fully set forth below.

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED**, by and among the Parties and intending to be legally bound that subject to the approval of the Court, this Wage-Hour Lawsuit shall be settled and dismissed, on the merits and with prejudice and the released claims, set forth in Paragraph 4, shall be finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

1. **Process for Approval of Settlement.** After receipt of the complete and fully executed Settlement Agreement, the Parties shall submit to the Court all papers necessary to obtain approval of this Settlement in accordance with the Court's November 21, 2017 Order.

2. **Payment of Settlement Proceeds.** In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this Wage Hour Lawsuit is settled and resolved for the total gross amount of Ten Thousand Dollars and No Cents ($10,000.00) inclusive of Plaintiff's counsel's attorneys' fees, expenses and costs ("Gross Settlement Amount"). Plaintiff acknowledges that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Plaintiff's promises, releases and covenants as set forth below. Within fifteen (15) days of the Effective Date of this Settlement Agreement (as defined in Paragraph 18, below), Defendant shall deliver to Plaintiff's counsel, Cilenti & Cooper PLLC, c/o

2

Peter Cooper, Esq., at 708 Third Avenue – 6th Floor, New York, New York 10017, the following Settlement Payments:

    a. A check made payable to Jose G. Rivas in the gross amount of three thousand one hundred fifty dollars ($3,150.00), which amount will be reported for tax purposes on an Internal Revenue Service ("IRS") Form W2;

    b. A check made payable to Jose G. Rivas in the gross amount of three thousand one hundred fifty dollars ($3,150.00), which amount will be reported for tax purposes on an IRS Form 1099;

    b. A check made payable to Cilenti & Cooper, PLLC in the amount of three thousand seven hundred dollars ($3,700.00) for attorneys' fees and expenses, which amount will be reported for tax purposes on an IRS Form 1099. Plaintiff's Counsel shall provide Defendant's Counsel with an IRS Form W-9 in order for Defendant to effectuate such payment.

    d. Plaintiff understands and agree that Defendant is providing him with no tax or legal advice, and makes no representations regarding tax obligations or consequences, if any, related to this Settlement Agreement. Plaintiff agrees that he will be solely responsible for any and all taxes payable by him with respect to the payments issued on an IRS Form 1099. Notwithstanding the foregoing, if any claim is asserted against Defendant or any of the Released Parties, by any taxing authority with respect to the payments provided for herein, Plaintiff shall hold harmless and indemnify Defendant and any of the Released Parties identified in this Settlement Agreement from any cost, loss, liability, expense, fine and penalty, and attorneys' fees arising from any of the payments set forth herein and/or the extent of withholdings from same.

3

3. **Settlement Payments Do Not Trigger Additional Benefits.** All payments to Plaintiff shall be deemed to be paid solely in the year in which such payments actually are received by Plaintiff. The Parties agree and Plaintiff acknowledges that the payments provided for in this Settlement Agreement are the sole payments to be made to Plaintiff and that Plaintiff is not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

4. **Comprehensive Waiver and Release of Claims against Defendant.** Plaintiff, in consideration of the Settlement Payment set forth in Paragraph 2, releases and forever discharges Defendant, and its respective current, former, and future owners, directors, managers, officers, employees, and, in such capacities, administrators, fiduciaries, insurers, agents, attorneys, predecessors, successors, and assigns (and the current, former and future directors, managers, officers, employees, agents, attorneys, predecessors, successors, and assigns of Defendant's controlling shareholders, subsidiaries, affiliates, related companies, related entities, and divisions), and all persons acting by, through, under, or in concert with any of them, in their individual or representative capacities (Defendant and the foregoing other persons and entities are defined separately and collectively as the "Released Parties"), from all wage and hour actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, arising out of his alleged employment with Defendant including, but not limited to, any claims related to Plaintiff's wages or hours during his employment with Defendant, which Plaintiff or Plaintiff's heirs, executors, administrators, successors, and assigns

4

FPDOCS 33518270.1

ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the respective Plaintiff's execution of this Settlement Agreement, including, but not limited to, any and all wage and hour claims, any claim for unpaid wages pursuant to the FLSA, NYLL, and/or any other federal, state or local wage and hour statute, rule or regulation, any claim for retaliation pursuant to the FLSA, NYLL, and/or any other federal, state or local wage and hour statute, any claim for improper pay notices and/or statements, any claim that was asserted in the Wage-Hour Lawsuit, any related derivative benefit claims (both ERISA and non-ERISA benefits), and any and all claims for monetary recovery from a waived claim, whether brought in a lawsuit or by an administrative agency, including, but not limited to, back pay, front pay, loans, liquidated, compensatory, and punitive damages, interest, and attorneys' fees, experts' fees, disbursements, and costs. Plaintiff acknowledges that as a result of the payments made pursuant to Paragraph 2 of this Settlement Agreement, Plaintiff has been sufficiently compensated for all hours, including overtime hours, he allegedly worked for Defendant.

5. **Scope of Waiver of Claims.** Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Settlement Agreement is executed. Nothing in this Settlement Agreement shall be construed to prohibit Plaintiff from filing a charge with or participating in any investigation or proceeding conducted by the EEOC, NLRB, or comparable state or local agency. However, Plaintiff agrees that he has released the Released Parties from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above. As such, Plaintiff is not and will not be entitled to any monetary or other comparable relief on his behalf resulting from any proceeding brought by

Plaintiff, the EEOC, the NLRB, or any other person or entity, including but not limited to any federal, state, or local agency. With this release of claims in this Settlement Agreement, Plaintiff specifically assigns to Defendant his right to any recovery arising from any such proceeding.

6. **Settlement Contingent on Court Approval**. This Settlement Agreement is contingent upon the Court's approval of the Settlement Agreement and the dismissal of the Wage-Hour Lawsuit with prejudice. If the Court refuses to grant Final Approval, this Settlement Agreement may be voided at either party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation in the Wage-Hour Lawsuit or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint. If the Court seeks to modify or strike any Paragraph in this Settlement Agreement, the Parties will work cooperatively to revise this Settlement Agreement to meet the Court's requirements.

7. **Neutral Reference**. In response to any request for a reference concerning Plaintiff, consistent with Defendant's policy, Defendant will limit its response to only confirming Plaintiff's employment, job position, and dates of employment.

8. [Intentionally Left Blank]

Case 1:17-cv-06159-VEC Document 26-1 Filed 01/10/18 Page 10 of 15

8. **Complete Agreement**. No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements. This Settlement Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives, provided any such amendment or modification is not contrary to law or an order of the Court.

9. **No Admission of Liability and No Concession as to the Merits**. Defendant denies that it violated the law in any manner alleged in or related to the Wage-Hour Lawsuit. Plaintiff acknowledges and agrees that the payments made pursuant to this Settlement Agreement are not to be construed as an admission of liability on the part of Defendant or any Released Parties identified in this Settlement Agreement. Defendant enters into this Settlement Agreement, and it is Plaintiff's position that he is entering in to this Settlement Agreement, to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Released Parties. Neither the Settlement nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any released claim or of any wrongdoing or liability of Defendant; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which Defendant is or becomes a party, other than in such proceedings as may be necessary to consummate or enforce the Settlement, Settlement Agreement or the Final Order of the Court.

10. **Waiver**. The waiver by one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement. No rights under this Settlement may be waived except in writing and signed by the waiving party.

11. **Miscellaneous**. This Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Settlement Agreement. This Settlement Agreement constitutes the entire agreement among these parties, and no representations, warranties or inducements have been made to the parties concerning this Settlement Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

12. **Execution in Counterparts**. This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Fax or .pdf signatures shall be deemed original copies for the purposes of this Settlement Agreement.

13. **Binding Effect**. This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

14. **Governing Law**. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Settlement Agreement or any of its terms. All parties to this Settlement Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Settlement Agreement.

FPDOCS 33518270.1

15. **Notifications and Communications**. Any notifications or communications made in connection with this Settlement Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| | |
|---|---|
| CILENTI & COOPER, PLLC<br>c/o Peter Cooper<br>708 Third Avenue – 6th Floor<br>New York, New York 10017<br>Tel: (212) 209-3933<br>Fax: (212) 209-7102<br>pcooper@jcpclaw.com | FISHER & PHILLIPS LLP.<br>c/o Seth D. Kaufman<br>620 8th Avenue, Suite 3650<br>New York, New York 10018<br>skaufman@fisherphillips.com<br>Tel.: 212.899.9975<br>Fax: 212.956.1971 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

16. **Headings**. The Paragraph headings in this Settlement Agreement are for the convenience of reference only, do not constitute a part of this Settlement Agreement, and shall not be deemed to limit or affect any provision hereof.

17. **Knowing and Voluntary Agreement**. The Parties enter into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Settlement Agreement and have consulted with legal counsel regarding the Settlement Agreement. In addition, Plaintiff acknowledges that he has been given a reasonable time in which to consider and sign this Settlement Agreement, that the Settlement Agreement has been written in a clear manner, and that he fully understands the significance of all of the terms and conditions of this Settlement Agreement and has had the opportunity to discuss them with his attorney and that he has had answered to his satisfaction any questions he has asked with regard to the meaning and significance of any of the terms or provisions of this Settlement Agreement.

9

18. **Effective Date**. This Settlement Agreement is not effective until Plaintiff has signed it and the Court has issued its Final Order approving of the Settlement and dismissing the Wage-Hour Lawsuit with prejudice ("Effective Date"). If Plaintiff does not sign or if the Court does not issue a Final Order approving of the Settlement and dismissing the Wage-Hour Lawsuit with prejudice, this Settlement Agreement shall be null and void with respect to Plaintiff.

CILENTI & COOPER, PLLC

By: _____
Peter Cooper
708 Third Avenue - 6th Floor
New York, New York 10017
Tel: (212) 209-3933
Fax: (212) 209-7102
pcooper@jcpclaw.com

*Attorneys for Plaintiff*

Dated: New York, New York
December 12, 2017

JOSE G. RIVAS

_____

Imperial Parking (US) LLC, doing business as Impark

By: _____

Print Name: Christopher Johnson

Title: Sr. Vice President

Dated: New York, New York
December 13, 2017

FPDOCS 33518270.1

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE G. RIVAS, on behalf of himself,
and others similarly situated,

Case No.: 17 cv 6159
(VEC)

Plaintiff,

-against-

IMPERIAL PARKING (US) LLC,
doing business as IMPARK,

Defendant.

---

WHEREAS, the parties settled this action based upon arms-length negotiations, the terms of which have been judicially reviewed and approved by the court, and are incorporated herein by reference; and

WHEREAS, the United States District Court for the Southern District of New York will retain jurisdiction over the proceedings to enforce the terms of the settlement;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties that this action is hereby dismissed in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: New York, New York
December 15, 2017

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*

By: _____
Peter H. Cooper, Esq.

FISHER & PHILLIPS, LLP
*Attorneys for Defendants*

By: _____
Seth Kaufman, Esq.

SO ORDERED.

So Ordered: _Valerie Caproni_

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
1/11/2018